Filed 4/12/16  P. v. Piper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>PAUL PIPER,<br><br>      Defendant and Appellant. | C079172<br><br>(Super. Ct. Nos. 97F03274,<br>97F09061) |

In case No. 97F03274, after defendant Paul Piper pleaded no contest to operating a chop shop and receiving stolen property, the trial court placed him on probation for five years.  Later, in case No. 97F09061, defendant pleaded guilty to grand theft and receiving stolen property, and he admitted violating probation in case No. 97F03274.  The trial court sentenced defendant in both cases and an unrelated case, imposing a four-year state prison term.

1

Defendant subsequently filed a petition in both cases to redesignate several of his felony convictions as misdemeanors under Proposition 47. (Pen. Code, § 1170.18.)[1] The trial court issued two orders (one for each case) without a hearing, ruling that defendant is ineligible for redesignation based on the "current convictions." One order referenced "car & car parts" and another referenced "chop shop" and "cars."

Defendant now contends (1) the orders should be reversed if the trial court denied relief on the ground that defendant failed in his burden of proof, (2) he is entitled to redesignation of his conviction for grand theft as a matter of equal protection, and (3) the orders should be reversed because they do not contain intelligible findings of fact or conclusions of law, rendering them inadequate for appellate review.

We conclude (1) Proposition 47 places the burden of proof on the individual who seeks relief under its provisions, (2) defendant is not entitled to redesignation of his grand theft conviction because he is not similarly situated, and (3) the record is adequate to determine that the trial court did not err in denying the petition.

We will affirm the trial court orders.

BACKGROUND

Officers conducted a welfare check at a home on April 21, 1997. They found a stolen car parked in front of the property. A search of the property also found two stolen trucks, a stolen motorcycle engine, auto parts with the vehicle identification numbers removed, and a chop saw. The officers identified property owned by four different victims at the scene. The only victim to submit information regarding value was the owner of a 1986 Toyota who claimed he bought the vehicle for $5,500.

In case No. 97F03274, defendant pleaded no contest to felony operation of a chop shop (Veh. Code, § 10801 -- count one) and felony receiving stolen property (§ 496,

_____

[1] Undesignated statutory references are to the Penal Code.

2

subd. (a) -- count three). The trial court suspended imposition of sentence and placed defendant on formal probation for five years.

On November 4, 1997, officers found a stolen 1997 Ford Contour parked next to an auto parts lot. Someone pushed in a fence and broke into a storage unit. Officers found defendant and an accomplice selling auto parts. Some parts had been taken from the storage unit and placed in the stolen car.

In case No. 97F09061, defendant pleaded guilty to felony grand theft (§ 487, subd. (a) -- count one) and felony receiving stolen property (§ 496, subd. (a) -- count three). He also admitted violating probation in case No. 97F03274. Sentencing defendant in both cases and an unrelated case, the trial court imposed a four-year state prison term.

Defendant filed a petition for redesignation of sentence for both cases in February 2015. The trial court denied the petition without a hearing, issuing an order form for each case. On both forms the trial court checked boxes stating: "The Court denies the petition due to ineligibility based due to: ¶ Current conviction(s)." The form for case No. 97F09061 contained the handwritten notation "car & car parts," while the form for case No. 97F03274 contained the notation, "Chop shop. Cars."

DISCUSSION

I

Defendant contends the trial court's orders should be reversed if the trial court denied relief on the ground that defendant failed in his burden of proof.

The passage of Proposition 47 created section 1170.18, which provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f); see Voter

3

Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) Among the crimes changed by Proposition 47 is receiving stolen property, which is now a misdemeanor unless the value of the property exceeds $950. (§ 496, subd. (a).)

As the text of section 1170.18, subdivision (f) makes clear, defendant is the applicant (or petitioner) in a redesignation hearing under the statute. "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (Evid. Code, § 500.) Therefore, "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).)

Defendant disagrees with *Sherow* and argues that we should not follow it. He claims the prosecution bears the burden of proving that the value of the property exceeds $950, noting that the burden of proof normally rests on the prosecution in criminal cases (§ 1096; Evid. Code, § 501) and Evidence Code section 520 places the burden of proof on the party claiming that a person is guilty of wrongdoing. He also argues that when determining whether a prior conviction is a serious felony, the conviction is presumed to be for the least punishable offense absent evidence to the contrary (see *People v. Guerrero* (1988) 44 Cal.3d 343, 352), and the same rule should apply to section 1170.18 proceedings. Defendant further asserts that once he shows in his petition that the crime is covered by Proposition 47, it is consistent with the purpose of Proposition 47 to shift the burden to the prosecution. He also claims that placing the burden on the prosecution is appropriate here because his convictions are 18 years old and the evidence of value was never produced in the original cases.

It is true that the prosecution normally has the burden of proof, and for good reason. But the resentencing provisions of Proposition 47 are different, because they involve individuals who have already been proven guilty of their offenses beyond a reasonable doubt. (*Sherow, supra*, 239 Cal.App.4th at p. 880.) Proposition 47 does not

provide for guilt or increased punishment; rather, it offers an opportunity for a lesser offense to a person who has already been found guilty of a greater offense, provided that the person can show entitlement to redesignation. Proposition 47 is not fully retroactive, but applies retroactively only to those who qualify for relief under section 1170.18. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314.) It is consistent with the voters' intent to allocate the burden of proof in section 1170.18 proceedings to the petitioner.

Because defendant sought to redesignate final convictions, it was appropriate for the trial court to deny relief absent evidence establishing defendant's entitlement to redesignation. Here there was no such evidence. We address his grand theft conviction in the next section, but with regard to his convictions for receiving stolen property, the record does not show that the stolen property was worth less than $950. Whether the trial court relied on this or some other ground to deny the petition is not dispositive, because we are not bound by the trial court's legal reasoning. (*Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359, 368.)

II

Defendant further argues he is entitled to redesignation of his conviction for grand theft as a matter of equal protection.

He appears to concede that grand theft of automobile parts pursuant to section 487, subdivision (a) is not an enumerated offense entitled to relief under section 1170.18. But he argues he is nevertheless entitled to relief as a matter of equal protection because his grand theft conviction is similarly situated to his receiving stolen property conviction in the same case. Proposition 47 added section 490.2, which states in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).) Defendant

5

urges relief under equal protection because there is no evidence the amount of loss underlying the grand theft conviction exceeded $950.

Again, however, defendant had the burden to prove that the value of the stolen items did not exceed $950 in seeking relief under Proposition 47. Having failed in that burden, the record does not establish that he is similarly situated for equal protection purposes.

III

Defendant also argues the orders should be reversed because they do not contain intelligible findings of fact or conclusions of law, rendering them inadequate for appellate review.

We agree that the orders in this case are cryptic and do not provide much information. Nevertheless, as we have explained, on this record we can discern that the trial court correctly denied defendant's petition.

DISPOSITION

The trial court orders are affirmed.

      /S/<br>
Mauro, Acting P. J.

We concur:

   /S/<br>
Murray, J.

   /S/<br>
Hoch, J.

6